# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
### Case No.

SUMMAR FINANCIAL, LLC.
a Florida limited liability company,

Plaintiff,

vs.

CHOCOLATES FINOS NACIONALES COFINA,
S.A., an Ecuadorian Company
and JULIO ZAMBRANO GONZALEZ,
an individual,

Defendants.
_____/

## COMPLAINT

Plaintiff Summar Financial, LLC ("Summar"), through undersigned counsel, files its Complaint and Demand for Jury Trial against Defendants Chocolates Finos Nacionales COFINA S.A ("Cofina") and Julio Zambrano Gonzalez ("Zambrano") and states:

## NATURE OF THE ACTION

1. This is a civil action for breach of contract and breach of a personal guaranty with damages in excess of $75,000.00.

## THE PARTIES

2. Plaintiff, Summar is a Florida limited liability company, authorized to do business in Florida and at all times relevant had and has its principal place of business and chief executive office in Miami, Florida.

3. Defendant Cofina is a company organized under the laws of Ecuador.

1

4. Defendant Zambrano is an individual residing in Ecuador. He is over the age of 18 and is otherwise *sui juris*.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action which arises under 28 U.S.C.A. § 1332 by reason of diversity of citizenship, and the amount in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.

6. This Court has personal jurisdiction over Defendants because Defendants conducted substantial and not isolated business in Florida, entered into contracts for payments to be made in Florida, caused payments to be made to Summar in Florida, and failed to make payments in Florida. Moreover, Defendants committed wrongful acts and breaches of contracts which caused damage to Summar in Florida.

7. Venue and jurisdiction are proper as to Cofina because on September 4, 2018, Cofina signed a Factoring and Security Agreement with Summar with an effective date of August 31, 2018 (the "Factoring Agreement"), a copy of which is attached as **Exhibit 1**.

8. Paragraph 26 of the Factoring Agreement states, in relevant part:

> Any suit, action or proceeding arising hereunder shall, at [Summar's] sole and exclusive discretion be only instituted or maintained in any court sitting in the Chosen State [defined as Florida in ¶1.3] and in the county in which Purchaser's chief executive office is located (the "Acceptable Forums"). Seller agrees that the Acceptable Forums are convenient to it and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue.

9. Venue and jurisdiction are proper as to Zambrano because on October 6, 2020, Zambrano signed a personal guaranty (the "Personal Guaranty"), a copy of which is attached as **Exhibit 2.**

10. Paragraph 7 of the Personal Guaranty states, in relevant part,

> The parties agree that any suit, action or proceeding arising out of the subject matter hereof, or the interpretation, performance or breach of this Guaranty and/or Factoring and Security Agreement attached hereto, shall, if [Summar] so elects, be instituted in any court sitting in the state of Florida. Each party agrees that Florida is convenient to it, and each party irrevocably submits to the jurisdiction of the state of Florida… and waives any and all objections to jurisdiction or venue that it may have….

11. Moreover, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the claim arose in Miami-Dade County, Florida when Defendants failed to make payments due under the Factoring Agreement and the Personal Guaranty, and caused damage to Summar which resides in Miami-Dade County, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

12. Summar is in the factoring business.

13. Cofina is in the business of manufacturing chocolate and other food products, and then distributing them.

14. Pursuant to the Factoring Agreement, Summar and Cofina agreed that Cofina would sell its "Sellers Accounts" to Summar, and that instead of Cofina being paid on Sellers Accounts, Summar would be paid.

15. By way of illustration, under the Factoring Agreement, Cofina would sell chocolate products to a buyer, an "Account Debtor." After deducting Summar's fees, Summar would advance Cofina the funds the Account Debtor would typically pay Cofina for the chocolate products. Cofina would then assign its "Sellers Accounts" to Summar, and the chocolate buyer/Account Debtor would pay Summar.

## THE PERSONAL GUARANTY

16. On October 6, 2020, Zambrano signed a personal guaranty (the "Personal Guaranty"), a copy of which is attached as **Exhibit 2.**

17. Pursuant to the Personal Guaranty, and among other things, Zambrano unconditionally guaranteed and promised to pay Summar any and all indebtedness of Cofina for the obligations set forth in the Factoring Agreement.

## BREACHES OF THE FACTORING AGREEMENT AND PERSONAL GUARANTY

18. Until the facts giving rise to this lawsuit arose, Summar and Cofina's relationship operating uneventfully. Summar had been factoring invoices for Cofina, and received payments from Cofina's buyers/the Account Debtors in a joint account held by Cofina and Summar.

19. On or around December 11, 2020 Cofina informed Summar that it would have two containers of chocolate products ready within fifteen (15) days to be sent to its buyer in Germany. Cofina requested Summar advance $209,007.54.

20. On December 11, 2020, Summar advanced $209,007.54 to Cofina in reliance upon Cofina's representations in the Factoring Agreement and in Zambrano's Personal Guaranty.

21. Summar advanced these funds to Cofina at its bank account at Terrabank in Miami, Florida.

22. Cofina assigned to Summar the receivable Cofina would be owed upon delivery of the chocolate to Summar.

23. However, on January 13, 2021, Cofina notified Summar that it was not going to send the containers of chocolate products to the buyer/Account Debtor because Cofina was insolvent.

24. Cofina notified Summar that it was going to file insolvency proceedings in Ecuador.

25. Summar immediately made demand upon Cofina to pay the full amount due and owing to Summar in the amount of $209,007.54, and to repurchase the Seller's Accounts, but Cofina has refused and failed to pay Summar in violation of the Factoring Agreement.

26. Cofina is in default under paragraph 13 of the Factoring Agreement, and Summar is entitled to all remedies thereunder.

27. Summar also made demand upon Zambrano to pay the full amount due and owing to Summar in the amount of $209,007.54, but Zambrano has failed to do so in violation of the Personal Guaranty.

28. Plaintiffs have been compelled to hire undersigned counsel and are obligated to pay them a reasonable fee.

29. All conditions precedent have occurred, been waived or have otherwise been satisfied.

## COUNT ONE

### Breach of the Factoring Agreement Against Cofina

30. Summar realleges and incorporates the allegations contained in the paragraphs 1- 29 above as if said allegations were fully set forth herein.

31. Cofina entered into the Factoring Agreement with Summar. *See* **Exhibit 1**.

32. Cofina is in breach of the Factoring Agreement and has failed to make payments due thereunder.

33. Because of Cofina's breach of the Factoring Agreement, Summar has been damaged in the amount of $209,007.54 as well as all other sums accruing under the Factoring Agreement until judgment.

WHEREFORE, Plaintiff Summar Financial, LLC respectfully requests that the Court enter judgment against Defendant Chocolates Finos Nacionales COFINA S.A for damages in the amount of $209,007.54 as well as all other sums accruing under the Factoring Agreement until judgment, an award of attorneys' fees and costs pursuant to the Factoring Agreement, pre-judgment and post-judgment interest, and all other relief to which it is entitled and such other or additional relief as is just and proper.

## COUNT TWO

### Breach of the Personal Guaranty Against Zambrano

34. Summar realleges and incorporates paragraphs 1-29 above as if said allegations were fully set forth herein.

35. Zambrano entered into the Personal Guaranty with Summar. *See* **Exhibit 2**.

36. Demand has been made to Zambrano in the amount of $209,007.54 because of Cofina's breaches of the Factoring Agreement. These breaches trigger Zambrano's obligations to pay Summar this amount pursuant to the Personal Guaranty.

37. Zambrano has refused to pay Summar the amounts due, and is in breach of the Personal Guaranty.

38. Because of Zambrano's breach of the Personal Guaranty, Summar has been damaged in the amount of $209,007.54 as well as all other sums accruing under the Personal Guaranty until judgment.

WHEREFORE, Plaintiff Summar Financial, LLC respectfully requests that the Court enter judgment against Defendant for damages in the amount of $209,007.54 as well as all other sums accruing under the Personal Guaranty until judgment, an award of attorneys' fees and costs pursuant to the Personal Guaranty, pre-judgment and post-judgment interest, and all other relief to which it is entitled and such other or additional relief as is just and proper.

Dated: January 26, 2021.

        Respectfully submitted,

/s/ *Deborah Baker*, Esq.
DEBORAH BAKER, ESQ.
Florida Bar No.: 294380
JACOB B. POST, ESQ.
FL Bar No. 1018692
SMGQ LAW
Satellite Office – One Biscayne Tower
2 South Biscayne Blvd, 34th Floor
Miami, FL 33131
Office Phone: (305) 377-1000
Direct Phone: (786) 304-1543
Direct Fax: (855) 327-0391
Primary Email: Dbaker@smgqlaw.com
Primary E-mail: JPost@smgqlaw.com
Secondary E-mail: Aalbuerne@smgqlaw.com
Secondary E-mail: KCorrea@smgqlaw.com

*Attorneys for Plaintiffs*