UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20326-COOKE/DAMIAN

SUMMAR FINANCIAL, LLC,
a Florida limited liability company,

       Plaintiff,

vs.

CHOCOLATES FINOS NACIONALES
COFINA, S.A., an Ecuadorian Company
and JULIO ZAMBRANO GONZALEZ,
an individual,

       Defendants.
_____/

**REPORT AND RECOMMENDATION AS TO
PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER DIRECTING
THE CLERK OF COURT TO ENTER A DEFAULT FINAL JUDGMENT**

THIS CAUSE is before the Court on Plaintiff's Motion for Entry of An Order Directing the Clerk of Court to Enter a Default Final Judgment [ECF No. 36] (the "Motion"). This matter was referred to the undersigned for a Report and Recommendation by the Honorable Marcia G. Cooke, United States District Judge. [ECF No. 38]. *See* 28 U.S.C. § 636.

The undersigned has considered Plaintiff's Motion and supporting documents and the pertinent portions of the record, and heard from Plaintiff, who appeared before this Court on April 13, 2022, and is otherwise fully advised in the premises. In addition, the undersigned notes that the Defendants have not made an appearance in the case and have not filed a

response to the Motion and that the time to do so has passed. For the following reasons, it is recommended that the Motion be granted.

### I.  BACKGROUND FACTS

The Factoring Agreement and Guaranty

Plaintiff Summar Financial, LLC ("Summar" or "Plaintiff") is in the factoring business, and Defendant Chocolates Finos Nacionales Cofina, S.A. ("Cofina") is in the business of selling and distributing chocolate and other food products. [ECF No. 1 ¶¶ 12-13]. At issue here is a Factoring Agreement [ECF No. 1-4] between Summar and Cofina and a Personal Guaranty [ECF No. 1-5] by Cofina's general manager, Defendant Julio Zambrano Gonzalez ("Zambrano"). *Id.* at ¶¶ 14-17. Under the Factoring Agreement, Cofina would inform Summar when it intended to sell chocolate products to a buyer, and Summar would then advance Cofina the funds the buyer would have owed Cofina for its products, minus Summar's fees. *Id.* at ¶¶ 15, 19. Cofina then would assign its account receivable for the order to Summar, and the chocolate buyer/account debtor would pay Summar directly for the chocolate products purchased. *Id.*

The Factoring Agreement sets forth the consequences in the event of a default regarding performance. *See* ECF No.1-1. Pursuant to the Agreement, Events of Default include: "[Cofina] defaults in the payment of any Obligations or in the performance of any provisions hereof." [ECF No. 1-4 ¶ 13]. This Paragraph also provides that upon the occurrence of an Event of Default, Summar may require Cofina to repurchase all accounts receivables in an amount equal to the Obligation owed, plus all Charges and other amounts due to Summar, including any accruing Late Charge. *Id.* The Factoring Agreement also

provides for Cofina to reimburse Summar for all costs and expenses, including attorneys' fees, incurred by Summar in enforcing its rights under the Agreement. [ECF No. 1-4 at ¶ 22].

The Breach

On or around December 11, 2020, Cofina informed Summar that it would be sending two containers of chocolate products to a buyer and requested Summar advance $209,007.54 pursuant to the Factoring Agreement. [*Id.* ¶ 19]. Summar advanced the funds to Cofina, and Cofina assigned the receivable it would be owed upon delivery of the chocolate to Summar. [*Id.* ¶¶ 20, 21]. However, Cofina later notified Summar that it was insolvent and was not going to send the products to the buyer. [*Id.* ¶ 23]. Summar, in turn, immediately demanded Cofina repay the amount advanced pursuant to the terms of the Factoring Agreement. [*Id* at ¶ 25]. Summar also made demand upon Zambrano for the full amount pursuant to the Personal Guaranty. [*Id.* ¶ 27]. To date, neither Cofina nor Zambrano have made payments on the demands. [*Id.* ¶¶ 25, 27].

II.   **PROCEDURAL HISTORY**

On January 26, 2021, Summar filed the Complaint and asserted two claims for breach of contract against Defendants - Breach of the Factoring Agreement against Cofina (Count One) and Breach of Personal Guaranty against Zambrano (Count Two). The Complaint seeks damages in the amount of $209,007.53 (the amount advanced by Summar) plus all other sums accruing under the Agreement until judgment, including pre- and post-judgment interest and an award of attorneys' fees and costs. [ECF No. 1].

Due to difficulties effecting foreign service, the case was administratively closed while Summar attempted to serve the Defendants in Ecuador. [ECF No. 25]. Summar ultimately effected service of the Summons and Complaint on Cofina on August 17, 2021, and on Mr.

Zambrano on August 31, 2021. Summar filed proofs of service on December 15, 2021 [ECF Nos. 27-31], and the case was reopened on December 21, 2021. [ECF No. 32].

Defendants failed to respond to the Complaint or make an appearance in the four-month period between when they were served and when the case was reopened. Accordingly, Summar moved for entry of defaults [ECF Nos. 33, 34], which the Clerk entered on December 22, 2021. [ECF No. 35]. Summar now moves for entry of default judgment against both Defendants. [ECF No. 36]. As of the Date of this Report, Defendants still have not responded to the Complaint, the Motion, nor any other filings in this case. Nor has an attorney made an appearance on their behalf.

### III.   APPLICABLE LEGAL STANDARDS

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). "[E]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)). Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *Surtain*, 789 F.3d at 1245. Thus, before entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint (which are taken as true

4

due to the default) state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citation omitted). Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when ... additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017). Therefore, where the record adequately supports the award of damages, an evidentiary hearing is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also PetMed Express*, 336 F.Supp.2d at 1217, 1223 (finding an evidentiary hearing unnecessary because plaintiff was seeking statutory damages under the Lanham Act); *Luxottica Group S.p.A. v. Casa Los Martnez Corp.*, No. 14-22859, 2014 WL 4948632, at *2 (S.D. Fla. Oct. 2, 2014) (same).

## IV.   DISCUSSION

With the foregoing in mind, the undersigned turns to the allegations in the Complaint and the agreements at issue - the Factoring Agreement and the Personal Guaranty. The undersigned will first address Defendants' liability to Summar for purposes of entering final default judgment and then address the proper damages and fees award.

   *a. Liability – Breach of Factoring Agreement and Personal Guaranty*

The elements of a breach of contract claim are (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). "Under Florida contract law, where the contract terms are clear and unambiguous, a court must give effect to the plain

5

meaning of the terms." *National R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc.*, 422 F.3d 1275, 1284 (11th Cir. 2005) (citation omitted).

A cause of action for breach of a guaranty agreement arises upon default and a guarantor's subsequent refusal to pay. *Ocean Bank v. M/Y ANDREA DEL MAR*, No. 1:16-CV-21512-JLK, 2017 WL 7794596, at *2 (S.D. Fla. Aug. 18, 2017) (citing *Brunswick Corp. v. Creel*, 471 So. 2d 617, 619 (Fla. 5th DCA 1985). The elements of a breach of guaranty claim are akin to the elements of a claim for breach of contract, namely: (1) a valid contract; (2) a material breach; and (3) damages. *Ocean Bank*, 1:16-CV-21512-JLK, 2017 WL 7794596, at *2 (citing *Ferguson Enterprises, Inc. v. Astro Air Conditioning and Heating, Inc.*, 137 So. 3d 613, 615 (Fla. 2d DCA 2014). Where the guaranty is absolute, the guarantor becomes liable upon nonpayment by the principal and the non-breaching party has no duty to first pursue the principal before resorting to the guarantors. *See Mullins v. Sunshine State Service Corp.*, 540 So. 2d 222, 223 (Fla. 5th DCA 1989).

Here, Summar alleged the following facts in Count One of the Complaint: (1) Cofina entered into the Factoring Agreement with Summar [ECF No. 1 at ¶ 30]; (2) Cofina is in breach of the Factoring Agreement and has failed to make payments due thereunder [*Id*. ¶ 32]; and (3) Summar has been damaged because of Cofina's breach in the amount of $209,007.54, plus other sums accruing under the Factoring Agreement until judgment [*Id*. ¶ 33].

Further, Summar alleged the following facts in Count Two of the Complaint: (1) Zambrano entered into the Personal Guaranty with Summar [*Id*. ¶ 35]; (2) Cofina's breaches of the Factoring Agreement triggered Zambrano's obligations to pay Summar pursuant to the Personal Guaranty, and Zambrano has refused to pay Summar the amounts due, in breach

of the Personal Guaranty, despite demand having been made on Zambrano for the amount Cofina owes [*Id.* ¶¶ 36-38]; and (3) Summar has been damaged in the amount of $209,007.54, plus other sums accruing under the Personal Guaranty until judgment as a result of Zambrano's breach. [*Id.* ¶ 38].

The undersigned finds that Plaintiff has met its pleading obligations for Counts One and Two of the Complaint. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Therefore, the substantive well-pleaded allegations of fact set forth in Counts One and Two of Plaintiff's Complaint, which Defendants admit due to the default, show that Summar is entitled to relief for breaches of the Factoring Agreement and the Personal Guaranty.

  b. *Damages*

The undersigned next turns to Plaintiff's claim for damages and the basis therefore. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."). "Damages may only be awarded if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *Angelini v. Remasur USA, LLC*, No. 16-21290, 2018 WL 4410008, at *3 (S.D. Fla. May 25, 2018).

Summar seeks $209,007.54 as the principal amount of damages, as well as pre- and post-judgment interest at a rate of 18%, pursuant to the Factoring Agreement. [ECF No. 36-1]. Based on the Complaint, the Factoring Agreement, and the other supporting documents

submitted by Summar, the undersigned finds that Plaintiff has demonstrated that it is entitled to recover the principal sum of $209,007.54 under the Factoring Agreement, plus prejudgment interest at a rate of 18% per annum that accrued from January 13, 2021, the date Cofina was in breach of the Agreement, to the date the Court enters final default judgment, and post-judgment interest at a rate of 18% per annum from the date the Court enters final default judgment. *See Blasland, Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1287 (11th Cir. 2002) (under Florida law, party prevailing on breach of contract claim is entitled to prejudgment interest); *see also* ECF No. 36-1 at § 13.2.5 ("All post-judgment interest shall bear interest at the rate of eighteen percent").

  c. *Attorneys' Fees and Costs*

Summar also seeks to recover its attorneys' fees and costs incurred in this litigation. Section 22.1 of the Factoring Agreement states "[Cofina] agrees to reimburse [Summar] on demand for the actual amount of all costs and expenses, including attorneys' fees (collectively, 'Expenses') which [Summar] has incurred or may incur . . . in protecting, preserving or enforcing any lien, security or other right granted by [Cofina] to [Summar] or arising under applicable law . . . ." [ECF No. 1-4].

Section 5 of the Personal Guaranty also provides for the recovery of Summar's attorneys' fees: "In any action or suit against [Zambrano] to enforce this guaranty, Summar Financial, LLC shall be entitled to recover, in addition to costs and disbursements allowed by law, attorney fees, in such action or suit, or appeal therefrom." [ECF No. 1-5].

Under Florida law, reasonable attorneys' fees are considered unliquidated damages and require a hearing to determine the amount of fees to be awarded. *See Williams v. Skylink Jets, Inc.*, 229 So. 3d 1275, 1279 (Fla. 4th DCA 2017*); Kalb v. Sail Condo. Ass'n*, 112 So. 3d 674,

676 (Fla. 3d DCA 2013). Here, this Court held a hearing regarding Summar's request for a total of $35,511.68 in attorneys' fees and costs. [ECF Nos. 36-2, 42-6].

    1. <u>Calculating Attorneys' Fees – the Lodestar Method</u>

In determining reasonable attorneys' fees in cases where a party is entitled to such fees pursuant to a contract, the Court looks to the lodestar method as developed by federal case law. *See Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1147–48 (11th Cir. 1993). Under the lodestar method, as applied by courts in the Eleventh Circuit, attorneys' fees are calculated by multiplying the number of hours reasonably spent times a reasonable hourly rate. *Id*. at 1147*; see also Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The plaintiff bears the burden of documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Additionally, the plaintiff must provide detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity. *Id*.

Courts review the hourly rate and attorney time for reasonableness based on the twelve so-called "Johnson factors," including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340–41 (11th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

a.      *Reasonable Hourly Rate*

This Court must first determine whether the fee applicant has satisfied the burden of establishing that his requested hourly rate is reasonable. A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436. As for hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

At the hearing held before the undersigned on April 13, 2022, Plaintiff requested that the Court compensate its Ecuadorian counsel, Ramón Sebastián Paz Y Miño, Alisson Michelle Vera, Xavier Rosales, Edgar Andres Bustamante, Stefany Daniela Guerrero, and Kevin Alexander Compoverde, with the law firm Corral Rosales, at an hourly rate of $180.00. [ECF No. 36-1]. Plaintiff also requests that the Court compensate its local counsel, Deborah Baker, a partner previously at SMGQ Law and now at Greenspoon Marder, LLP, at the hourly rate of $425.00 and Jacob Post, an attorney at SMGQ Law, at the rate of $275.00. [ECF 36-2]. And, Plaintiff requests that the Court further compensate local counsel for the services of Alejandra Albuerne, a paralegal previously at SMGQ Law and now at Greenspoon Marder, LLP, and Kevin Correa, a law clerk at SMGQ Law, at the hourly rates of $175.00 and $250.00, respectively. *Id*.

As previously mentioned, Plaintiff has the burden of establishing a reasonable rate. The Court, however, may turn to its own experience to determine reasonable hourly rates as well. Upon a review of the record, consideration of other fee requests and awards in similar

types of cases, as well as the experience and services performed by the professionals in this case, the undersigned finds that the requested hourly rates, ranging from $175.00 to $425.00 for work performed in this matter, are in the reasonable range of hourly rates for comparable services

  b.  *Reasonable Hours Expended*

  The Court must next determine whether the number of hours spent on the matter by counsel is reasonable. Counsel must use "billing judgment" when requesting attorneys' fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F.3d at 427. The party requesting attorneys' fees must submit evidence sufficient to allow the court to determine that the requested fees are reasonable. If a district court finds the number of hours claimed is unreasonably high, the court may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *See Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

  In this case, Plaintiff requests fees for a total of 78 hours and 54 minutes[1] worked by Ecuadorian counsel and 48.6 hours worked by local counsel. [ECF Nos. 36-1, 36-2, 42-6]. The breakdown of fees by Ecuadorian counsel is as follows:

---

[1] Invoices by Ecuadorian counsel, Corral Rosales, are not broken down into 6-minute increment's as is customary among American law firms.

11

- 53 hours worked by Mr. Sebastián Paz Y Miño,

- 8 hours and 30 minutes worked by Stefany Daniela Guerrero,

- 10 hours and 34 minutes worked by Alisson Michelle Vera,

- 4 hours worked by Kevin Alexander Compoverde,

- 1 hour and 50 minutes worked by Xavier Rosales, and

- 1 hour worked by Edgar Andres Bustamante.

[ECF No. 36-1].

The breakdown of fees by local counsel is as follows:

- 24.1 hours worked by Deborah Baker,

- 17.9 hours worked by Alejandra Albuerne

- 4.6 hours worked by Jacob Post, and

- 2 hours worked by Kevin Correa.

[ECF No. 36-2].

While a party has a right to attorneys' fees incurred in the successful prosecution of a claim, the courts have a corresponding duty to make sure that such award is reasonable. *See Hensley*, 461 U.S. at 433–34. The determination of the amount of fees to award is vested in the sound discretion of the Court. *See Arch Ins. Co. v. GC Works, Inc., No.* 12-21260, 2013 WL 12181371, at *6 (S.D. Fla. Feb. 4, 2013).

The undersigned has independently and carefully reviewed the billing records submitted by Plaintiff to determine whether the amounts sought are reasonable. Based upon a review of the record as a whole, the undersigned concludes that the number of hours spent litigating this matter by Plaintiff's counsel is reasonable.

   c. *Calculating Costs*

Because costs are available to Summar based on the Factoring Agreement and Personal Guaranty, the limitations placed on the availability of cost awards by Title 28, United States Code, Section 1920 do not apply. *See Arch Ins.*, 2013 WL 12181371, at *6. Review of the invoices provided by Plaintiff show $1,183.18 in costs incurred by Ecuadorian Counsel and $5,439.88 in costs incurred by local counsel. The undersigned finds these costs to be reasonable, and since Defendants failed to appear or otherwise object to the requested costs and, noting no restriction on the costs available to Plaintiff under the Factoring Agreement or Personal Guaranty, the undersigned recommends awarding Plaintiff $1,183.18 in costs incurred by Ecuadorian Counsel and $5,439.88 in costs incurred by local counsel.

  After review of the records submitted by Plaintiff's counsel [ECF Nos. 36-1, 36-2, 42-6], the undersigned finds the requested fees and costs to be reasonable. Accordingly, the undersigned recommends awarding $35,511.68 to Summar for its attorneys' fees and costs, which consists of $13,786.80 in fees and costs incurred by Ecuadorian counsel retained for purposes of effectuating service on Defendants [ECF No. 36-1] and $21,724.88 for local counsel's fees and costs [ECF. Nos. 36-2, 42-6].

   **V.** **CONCLUSION**

Therefore, for the reasons stated above, the undersigned respectfully recommends that a final default judgment be entered in Plaintiff's favor.

**RECOMENDATION**

Based on the foregoing, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Final Default Judgment [ECF No. 36] be **GRANTED** as follows:

1. A default judgment be entered in favor of Plaintiff, Summar Financial, LLC, and against Defendants, Chocolates Finos Nacionales Cofina, S.A. and Julio Zambrano Gonzalez for:

    (a) an award of $209,007.54 in damages based on the principal amount owed under the Factoring Agreement;

    (b) an award of prejudgment interest at the rate of 18% per annum, that accrued from January 13, 2021, the date Cofina breached the Factoring Agreement, to the date the Court enters final default judgment;

    (c) an award of post-judgment interest at the rate of 18% per annum from the date the Court enters final default judgment;

    (d) an award of attorneys' fees and costs to Ecuadorian Counsel in the amount of $13,786.80; and

    (e) and an award of attorneys' fees and costs to local counsel in the amount of $21,724.88.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 29th day of April 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE